886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William M. CARPENTER, Petitioner-Appellant,
v.
STATE of Michigan, Respondent-Appellee.
 No. 89-1321.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 1
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, William M. Carpenter was convicted of accepting money from a prostitute (Mich.Comp.Laws Ann. Sec. 750.457) and sentenced to a term of six and one half to ten years of imprisonment. In his application for federal habeas relief, Carpenter claimed ineffective assistance of counsel as grounds for the writ. He alleged that his counsel represented two of the prosecution's witnesses in unrelated proceedings and that this multiple representation gave rise to an impermissible conflict of interest.
 
 
 4
 The matter was referred to a magistrate who recommended that the petition should be denied. Upon de novo review in light of Carpenter's objections, the district court determined that Carpenter failed to show an actual conflict of interest adversely affecting his lawyer's performance.
 
 
 5
 On appeal, Carpenter argues that he is entitled to the undivided loyalty of his counsel, and that he is entitled to relief on the basis of the conflict, even without a specific showing of prejudice.
 
 
 6
 Carpenter's assertions are unavailing. To succeed on a claim of ineffective assistance of counsel arising from an alleged conflict of interest, Carpenter must show an actual conflict of interest and prejudice resulting from the conflict. See Strickland v. Washington, 466 U.S. 668, 692 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 108 S.Ct. 198 (1987). To establish an actual conflict, Carpenter must make a factual showing of inconsistent interests and that the attorney made a choice between possible alternative actions that were harmful to one client and helpful to another. See United States v. Boling, 869 F.2d 965, 971-72 (6th Cir.1989) (per curiam). Irrelevant and hypothetical conflicts are insufficient. 869 F.2d at 971-72.
 
 
 7
 Upon review, we conclude that Carpenter has not shown an actual significant conflict. See Thomas, 818 F.2d at 481. He stated in his petition that his counsel represented the witnesses in unrelated proceedings and that counsel was required to "back off" in his cross-examination. He further speculated that the questions not asked by counsel might have shown that the witnesses committed perjury. In his objections to the magistrate's recommendation, Carpenter alleged that counsel was reluctant to challenge the credibility of the witnesses. We find that Carpenter's allegations are not supported by the record and fall short of showing an actual and significant impairment of interests.
 
 
 8
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation